# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-2015V

|  |  |
|---|---|
| PETER AND TANYA KOWALKOWSKI, parents and natural guardians, on behalf of S.K., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: November 19, 2025 |

*Shawn R. Crain, End, Hierseman & Crain, LLC, Milwaukee, WI, for Petitioner.*

*Dima Atiya, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On December 9, 2024, Peter and Tanya Kowalkowski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that their child, S.K., suffered a syncopal episode that caused injuries following influenza and HPV vaccinations administered on December 27, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 7, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for syncope. On November 18, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded an amount not to exceed $125,000.00 to purchase an annuity contract as described in Section II(A) of the Proffer. Proffer at 2-3. In the Proffer, Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* at 3. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following: An amount not to exceed $125,000.00 to purchase the annuity contract described in the Section II(A) of the Proffer.** This amount represents all remaining elements of compensation to which S.K. would be entitled under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

PETER AND TANYA KOWALKOWSKI,
parents and natural guardians, on behalf of
S.K.,

              Petitioners,

    v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

No. 24-2015V
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER OF DAMAGES**

**I.**     **Procedural History**

On December 9, 2024, Peter and Tanya Kowalkowski ("petitioners") filed a petition for

compensation ("petition") on behalf of their minor son, S.K., under the National Childhood

Vaccine Injury Act of 1986, 43 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended,

alleging that as a result of influenza ("flu"), meningococcal ("MCV"), and human

papillomavirus ("HPV") vaccinations administered to S.K. on December 27, 2021, S.K. suffered

from vasovagal syncope, a chin laceration, and a jaw fracture. Petition at 1. ECF No. 1. On

July 2, 2025, respondent filed his Rule 4(c) report in which he concedes that petitioners are

entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. ECF No. 16.

Accordingly, on July 7, 2025, the Chief Special Master issued a Ruling on Entitlement, finding

that petitioners are entitled to vaccine compensation. ECF No. 21.

**II.**     **Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend that

compensation be made through future annuity payments as described below, and request that the

Chief Special Master's decision and the Court's judgment award the following:[1]

    A.      <u>Pain and Suffering</u>

For pain and suffering, an amount not to exceed $125,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to S.K. as set forth below:

---

[1] Should S.K. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioners and petitioners' heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

        a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

        b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

        c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

        d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

2

a.    Beginning 11/15/2027, $16,154.04 per year for 10 years certain.

The purchase price of the annuity described in this section II.A. shall neither be greater nor less

than $125,000.00.  In the event that the cost of the certain annuity payments set forth above

varies from $125,000.00, the annuity payment set forth above shall be adjusted to ensure that the

total cost of the annuity is neither less nor greater than $125,000.00.  Should S.K. predecease

payment of any of the certain payments set forth above, said payments shall be made to his

estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance

Company shall be provided within twenty (20) days of S.K.'s death.

These amounts represent all elements of compensation to which S.K. would be entitled

under 42 U.S.C. § 300aa-15(a).  Petitioners agree.[5]

### III.    Summary of Recommended Payments Following Judgment

A.    An amount of $125,000.00 to purchase the annuity contract
described above in section II.A.

---

[5]  At the time payment is received, S.K. will be an adult, and thus guardianship is not required. However, petitioners represent that they presently are, or if necessary, will become, authorized to serve as guardians/conservators of S.K.'s estate as may be required under the laws of the State of Wisconsin.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*s/ Dima Atiya*
DIMA JAWAD ATIYA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 880-0182
Email: Dima.Atiya@usdoj.gov

Dated:   November 18, 2025